IN THE UNITED STATES DISTRICT COURT

FOR THE EASTERN DISTRICT OF CALIFORNIA

SARHAN AHMAD AHMAD,

    Petitioner,               No. CIV S-06-1803 DFL JFM P

    vs.

THOMAS FELKER, Warden,

    Respondent.             FINDINGS AND RECOMMENDATIONS

_____/

        Petitioner is a state prison inmate proceeding pro se with a petition for a writ of habeas corpus under 28 U.S.C. § 2254. The petition was filed on August 14, 2006 and contained seven claims: (1) there was insufficient evidence to support petitioner's conviction of first degree murder with special circumstances; (2) petitioner was denied effective assistance of counsel because trial counsel failed to investigate; (3) trial counsel argued against petitioner; (4) petitioner was denied effective assistance of counsel because he failed to obtain forensic examination concerning the path of the bullet that killed the victim, given that the distance from petitioner to the victim was critical to petitioner's claim that he lacked intent; (5) the prosecution committed misconduct by withholding evidence; (6) petitioner's conviction constitutes a miscarriage of justice; and (7) ineffective assistance of appellate attorney.

/////

1   Respondent has filed a motion to dismiss on the ground that the petition was filed
2  beyond the one year statute of limitations contained in 28 U.S.C. § 2244(d)(1) and (2).  On April
3  24, 1996, the Antiterrorism and Effective Death Penalty Act (AEDPA) was enacted.  The
4  AEDPA amended 28 U.S.C. § 2244(d)(1) so that it now provides:

> A 1-year period of limitation shall apply to an application for a writ of habeas corpus by a person in custody pursuant to the judgment of a State court.  The limitation period shall run from the latest of –
>
> (A) the date on which the judgment became final by the conclusion of direct review or the expiration of the time for seeking such review;
>
> (B) the date on which the impediment to filing an application created by State action in violation of the Constitution or laws of the United States is removed, if the applicant was prevented from filing by such State action;
>
> (C) the date on which the constitutional right asserted was initially recognized by the Supreme Court, if the right has been newly recognized by the Supreme Court and made retroactively applicable to cases on collateral review; or
>
> (D) the date on which the factual predicate of the claim or claims presented could have been discovered through the exercise of due diligence.

28 U.S.C. § 2244(d)(1).  Section 2244(d)(2) provides that "the time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted toward" the limitations period.  28 U.S.C. § 2244(d)(2).

For purposes of the statute of limitations analysis, the relevant chronology of this case is as follows:

1.  Petitioner was convicted on November 16, 1989.

2.  On November 27, 1991, the California Court of Appeal for the Third Appellate District affirmed petitioner's conviction.

3.  Petitioner sought review in the California Supreme Court which was denied on February 13, 1992.

4.  On December 10, 1996, petitioner filed his first petition for writ of habeas corpus in the California Supreme Court, signed on December 5, 1996. That petition was denied by order filed February 26, 1997.

5.  On September 4, 1997, petitioner filed a second petition for writ of habeas corpus in the California Supreme Court, signed August 12, 1997, which was denied on January 28, 1998.

6.  On April 20, 2005, petitioner filed a petition for writ of habeas corpus in the Placer County Superior Court, signed April 14, 2005. It was denied by order filed May 4, 2005.

7.  On May 16, 2005, petitioner filed a petition for writ of habeas corpus in the Third District Court of Appeal, signed May 12, 2005. That petition was denied May 19, 2005.

8.  On July 28, 2005, petitioner filed a petition for writ of habeas corpus in the California Supreme Court, signed June 29, 2005. That petition was denied on June 14, 2006, citing, *inter alia*, In re Robbins, 18 Cal.4th 770, 780 (1998).

9.  On June 23, 2006, petitioner filed a petition for writ of habeas corpus in the Third District Court of Appeal, signed June 20, 2006, which was denied on June 29, 2006.

10.  On July 10, 2006, petitioner filed a petition for review in the California Supreme Court, signed July 5, 2006. The petition was denied on August 2, 2006.

11.  On August 14, 2006, petitioner filed the instant action, which petition was signed August 10, 2006.[1]

When a habeas petitioner's judgment becomes final before enactment of AEDPA, the one-year statute of limitations begins to run against petitioner on the enactment date of April 24, 1996. See Calderon v. United States District court (Beeler), 128 F. 3d 1283, 1287 (9th Cir. 1997)(allowing § 2254(d)'s limitation period to commence before AEDPA's enactment would have impermissible retroactive effect), cert. denied, 522 U.S. 1099 (1998), overruled in part on

---

[1] This action is deemed filed on the date the original petition was delivered to prison officials for mailing. See Houston v. Lack, 487 U.S. 266, 270-71 (1988).

other grounds by Calderon v United States District Court (Kelly), 163 F.3d 530 (9th Cir 1998) (en banc), cert. denied, 526 U.S. 1060 (1999). The statute of limitations is tolled from the time the first state habeas petition is filed until the California Supreme Court rejects the final collateral challenge. Nino v. Galaza, 183 F.3d 1003, 1006 (9th Cir. 1999). However, the act's "statute of limitations is not tolled from the time a final decision is issued on direct state appeal and the time the first state collateral challenge is filed because there is no case 'pending' during that interval." Id. In Carey v. Saffold, 536 U.S. 214 (2002), the United States Supreme Court held that the limitation period is statutorily tolled during one complete round of state post-conviction review, as long as such review is sought within the state's time frame for seeking such review. Id., 536 U.S. at 220, 222-23; see also Nino, 183 F.3d 1006. State habeas petitions filed after the one-year statute of limitations has expired do not revive the statute of limitations and have no tolling effect. See Ferguson v. Palmateer, 321 F.3d 820, 823 (9th Cir.2003); Jimenez v. Rice, 276 F.3d 478, 482 (9th Cir.2001).

      Here, petitioner's judgment became final before April 24, 1996. The California Supreme Court denied the petition for review on February 13, 1992. Petitioner's conviction became final on May 13, 1992, ninety days after the California Supreme Court denied petitioner's petition for review. See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th Cir. 1999). Because petitioner's judgment became final before April 24, 1996, the statute of limitations period began to run on April 25, 1996.

      The statute of limitations expired one year after the enactment of AEDPA, on April 24, 1997, unless petitioner is entitled to the benefit of the tolling provisions. "The time during which a properly filed application for State post-conviction or other collateral review with respect to the pertinent judgment or claim is pending shall not be counted" toward the AEDPA statute of limitations. 28 U.S.C. § 2244(d)(2). Petitioner is not entitled to tolling, however, for the interval between the date on which a judgment becomes final and the date on which the petitioner files his first state collateral challenge. Nino, 183 F.3d 1006.

Petitioner filed his first habeas petition in state court on December 5, 1996. By that date, 224 days had elapsed. Petitioner's first petition was presented to the California Supreme Court, which denied the petition on February 26, 1997. That decision became final on February 26, 1997. See Cal. Rules of Court, Rule 29.4(b)(2)(C).[2] The limitations period began to run again on February 27, 1997. The gaps between the conclusion of one round of collateral challenge and the next round of collateral challenge in state court does not toll the statute of limitations period. See Smith v. Duncan, 297 F.3d 809, 815 (9th Cir. 2002) (disallowing tolling between separate series of collateral review). Thus, the statute of limitations period was tolled during the pendency of petitioner's first petition submitted to the California Supreme Court, or February 26, 1997, but resumed again on February 27, 1997. At that time, petitioner had 141 days left to file his federal petition, due on or about July 17, 1997.

Petitioner filed a second petition for writ of habeas corpus, again in the California Supreme Court, on August 12, 1997. This filing was made 166 days after his first petition was denied, or 25 days after the statute of limitations had expired. Because the second petition was filed after the statute of limitations had expired, neither it nor any of petitioner's subsequent state court filings could revive the statute of limitations period. Ferguson, 321 F.3d 823. Because the statute of limitations period expired on July 17, 1997, the instant petition, filed August 10, 2006,

/////

/////

/////

---

[2] Respondent stated that the first petition was not final until thirty days after the California Supreme Court denied the petition, citing Bunney v. Mitchell, 262 F.3d 973 (9th Cir. 2001). In Bunney, the Ninth Circuit, interpreting a prior version of Rule 29.4, held an order by the California Supreme Court denying a petition for a writ of habeas corpus became final 30 days after filing. See id. at 974. The current version of Rule 29.4, however, was adopted in 2003, after Bunney was decided. When a rule is amended, decisions "that rely on the older versions of the statute . . . must be reevaluated in light of the amended statute." See United States v. McNeil, 362 F.3d 570, 574 (9th Cir.2004) (courts "are not bound by decisions of prior panels if subsequent legislation has undermined those decisions"). Accordingly, reliance on Bunney is unavailing.

was filed over nine years too late.[3]  Consequently, petitioner's application would be barred as untimely absent any equitable tolling that might be warranted.

The Ninth Circuit has held that AEDPA's one-year limitation may be equitably tolled because § 2244(d) is a statute of limitations and not a jurisdictional bar.  See Calderon v. United States Dist. Ct. for Cent. Dist. of Cal. (Beeler), 128 F.3d 1283, 1288-89 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Ct., 163 F.3d 530, 540 (9th Cir. 1998)).  Equitable tolling presents a "high hurdle" for petitioners, however, and should be invoked only if extraordinary circumstances beyond a prisoner's control make it impossible for him to file a timely petition.  See id. at 1289; Calderon v. United States District Court (Kelly), 127 F.3d 782, 786 (9th Cir. 1997).  "[A] litigant seeking equitable tolling bears the burden of establishing two elements:  (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way."  Pace v. DiGuglielmo, 544 U.S. 408, 418 & n.8 (2005).  Equitable tolling will be unavailable in most cases.  See Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir.2002); Miles v. Prunty, 187 F.3d 1104, 1107 (9th Cir.1999).

Petitioner essentially argues that the statute of limitations period should be tolled because petitioner was unable to locate a key witness, Rafig Salem, for over seven years.[4]

---

[3] Even if petitioner were entitled to tolling for the gaps in time between his state court petitions, his seven year delay between his second and third petitions was unreasonable. Carey v. Saffold, 536 U.S. 214 (2002).

[4] Petitioner also filed affidavits from his father, apparently in an effort to reflect his family's inability to help with petitioner's case, an affidavit containing information about a 1977 yellow Dodge van, an affidavit by Mr. Ahmad stating he went to Idaho to look for a "Mexican guy, named Chaba" because on September 29, 1978, the guy asked petitioner to get him a gun, and some investigative letters and reports offered to show that no gun and ammunition records exist at the Longs Drugs store in Reno, Nevada, most of which are dated in 1998. Petitioner's arguments, however, focus on his contention that the statute of limitations period should not start until he was able to locate Rafig Salem. Petitioner has failed to demonstrate how these additional affidavits or information concerning records of ammunition from 1998 would impact the statute of limitations analysis. These documents alone cannot prove petitioner is entitled to habeas relief. See Jones v. Gomez, 66 F.3d 199, 204 (9th Cir. 1995) (quoting James v. Borg, 24 F.3d 20, 26 (9th Cir. 1994) ("It is well-settled that '[c]onclusory allegations which are not supported by a statement of specific facts do not warrant habeas relief'")).

Petitioner contends he filed the declaration of Mr. Salem on February 22, 2005, shortly after he located Mr. Salem.  Petitioner states Mr. Salem would testify that petitioner spent the night of October 11, 1987 at Mr. Salem's home, rather than in the casino in Reno, Nevada, where the prosecution argued petitioner had gambled all night with the money he took from the victim. Petitioner also maintains that Mr. Salem would testify that petitioner had a swollen left side cheek which would corroborate petitioner's position that he struggled in the car with the victim rather than shot the victim from outside the car as the prosecution argued.

The declarations of Mr. Salem, which petitioner apparently went to great lengths to obtain, do not save him from the statute of limitations.  It is clear from petitioner's own explanation of the delay in filing the declarations -- petitioner's trial attorney failed to locate and call Mr. Salem – that the substance of Mr. Salem's testimony was known to petitioner during his trial.  Thus, section 2254(d)(1)(D) provides no assistance to petitioner because the "factual predicate" of the claims presented was known to him long before his judgment became final. That petitioner was unable to locate Mr. Salem until February of 2005 does not affect the operative date for purposes of section 2254(d)(1)(D). Equitable tolling applies only if a petitioner demonstrates "extraordinary circumstances" beyond his control made it "impossible" for him to file a timely petition.  See Whalem/Hunt v. Early, 204 F.3d 907, 909 (9th Cir. 2000) (citing Beeler, 128 F.3d at 1288-89.)

Here, petitioner was aware of the basic facts necessary to bring the claims in the instant petition at the time of his trial.  Even if petitioner did not locate Mr. Salem until February of 2005, he still could have brought his federal habeas petition within the statutory period  -- by July 17, 1997 -- and then sought discovery to obtain further evidence in support of his claims pursuant to Rule 6 of the Rules Governing Section 2254 Cases in the United States District Courts.  The statute of limitations period begins to run when the predicate facts are known and not when their legal significance is discovered.  Hasan v. Galaza, 254 F.3d 1150, 1154 n.3 (9th Cir. 2001)(citation omitted).  Indeed, the declaration on which petitioner places so much weight

7

appears to consist entirely of corroboration of petitioner's position at trial, rather than containing new evidence.  Because the basic facts to support petitioner's claims were known to him over seventeen years before he brought his federal habeas petition, petitioner is not entitled to equitable tolling of the statute of limitations period.

         Accordingly, IT IS HEREBY RECOMMENDED that:

         1. Respondent's December 27, 2006 motion to dismiss be granted.

         2. This action be dismissed with prejudice because the petition was filed beyond the one-year statute of limitations.

         These findings and recommendations are submitted to the United States District Judge assigned to the case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within twenty days after being served with these findings and recommendations, any party may file written objections with the court and serve a copy on all parties.  Such a document should be captioned "Objections to Magistrate Judge's Findings and Recommendations."  The parties are advised that failure to file objections within the specified time may waive the right to appeal the District Court's order.  Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

DATED: February 21, 2007.

/s/ John F. Moulds
UNITED STATES MAGISTRATE JUDGE

001; ahma1803.mtd